UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SUSAN MITCHELL,

          Plaintiff,

vs.                                Case No. 2:05-cv-242-FtM-29DNF

MANUEL VAZQUEZ; UNITED STATES OF AMERICA,

          Defendants.
_____

**OPINION AND ORDER**

     This matter comes before the Court on defendant United States of America's Motion to Dismiss (Doc. #12), filed on June 10, 2005. Plaintiff filed an Opposition (Doc. #13) on June 24, 2005. The government seeks to dismiss the complaint for failure to perfect service of process.

     The government's motion is premised upon Fed. R. Civ. P. 12(b)(1), which allows a motion to dismiss based upon lack of subject matter jurisdiction. Since the failure to perfect service of process does not impact the subject matter jurisdiction of the Court, the motion is denied on this ground.

     The motion, however, is more appropriately brought under Fed. R. Civ. P. 12(b)(5), which allows a motion to dismiss for insufficiency of service of process. Under Fed. R. Civ. P. 4(i), service upon the United States must be effected by delivering a

copy of the summons and complaint "to the United States attorney for the district in which the action is brought or to an assistant United States attorney designated by the United States Attorney . . . or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk. . . .," and serving a copy on the Attorney General of the United States at Washington, District of Columbia.  Plaintiff bears the burden of establishing the validity of service of process.  <u>Familia De Boom v. Arosa Mercantil, S.A.</u>, 629 F.2d 1134, (5th cir. 1980)[1], <u>cert. denied</u>, 451 U.S. 1008 (1981).

    The government argues that there was an attempt to serve Assistant United States Attorney John Moran, but that he is no longer with the office of the United States Attorney and was not designated to accept service in any event.  Plaintiff responds that the Return of Service, a copy of which was included in the Notice (Doc. #11) filed by the United States, demonstrates that a copy of the Complaint was to be delivered to John Moran of the U.S. Attorney's Office in Tampa, Florida, but was actually served on "I. Williams, Desig. Person."  The government's motion does not dispute these factual allegations, or address the status of I. Williams.

---

[1]In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Therefore the Court concludes that the motion is insufficient to dismiss the case on this issue.[2]

The government further argues that there is no record evidence that the Attorney General has been served with process. Plaintiff states that the Attorney General was served, however, no return receipt has been returned as yet. The government does not contend that the Attorney General has not been served, only that the record does not reflect such service. While plaintiff will have to provide record evidence of service, the Court finds no basis to dismiss the case at this stage of the proceedings.

Accordingly, it is now

**ORDERED**:

The Defendant United States of America's Motion to Dismiss (Doc. #12) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __30th__ day of June, 2005.

_____
JOHN E. STEELE
United States District Judge

---

[2]The Court notes that the Clerk's Office advises that an Ivonne Williams is a designated person for the U.S. Attorney's Office as of January 25, 2005. This letter designating Ms. Williams and all the others in the Tampa Division erroneously identified the persons as being in the Orlando Division, but the Court does not view this clerical error as material. In any event, Ms. Williams was also a designated person in the prior most recent letter from the United States dated March 14, 2002.