UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SUSAN MITCHELL,

        Plaintiff,

vs.    Case No. 2:05-cv-242-FtM-29DNF

MANUEL VAZQUEZ; UNITED STATES OF AMERICA,

        Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion for Default Final Judgment (Doc. #48), filed on September 15, 2006. Plaintiff also filed the Affidavit of Susan Mitchell in Support (Doc. #49). No response has been filed and the time to do so has now expired.

**I.**

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established . . . . A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." Nishimatsu Constr. Co., Ltd., v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)(citations omitted).[1]

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. (continued...)

The Complaint (Doc. #2) was originally filed in the Twentieth Judicial Circuit Court, in and for Lee County, Florida, before removal by defendant United States, on May 19, 2005. Plaintiff filed the action seeking to rescind and cancel a deed on the real property described as:

> Lots 43 and 44, CAPE CORAL SUBDIVISION, Unit 62, Block 3046, Plat Book 21, Pages 21 to 28 of the Public Records of Lee County, Florida; a/k/a 2122 SW Santa Barbara Place, Cape Coral, Florida 33991.

(Doc. #2, ¶ 2.) When plaintiff was unable to meet the mortgage company's requirements for a new mortgage on the above-described property, which prior to June 23, 1997 she owned in fee simple, plaintiff added defendant Manuel Vazquez as a co-applicant. (Id. at ¶¶ 5-8.) Plaintiff never intended that defendant Vazquez become a joint-owner of the property. (Id. at ¶ 10.) On or about June 23, 1997, plaintiff executed a Quit Claim Deed conveying the property to herself and defendant as joint tenants and plaintiff states that she did not realize when signing the documents that she was conveying joint ownership to defendant. (Id. at ¶¶ 11-14.) Plaintiff has made all the mortgage payments, all improvements, and paid all the taxes, utilities, and other expenses on the property without contribution from defendant. (Id. at ¶¶ 15-17.) Plaintiff learned that defendant was a joint owner of the subject property in

---

[1](...continued)
1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

2004.  (Id. at ¶ 18.)  Plaintiff asserts that because the deed was executed based on a misunderstanding and material mistake, the deed should be rescinded and cancelled.  (Id. at ¶¶ 19-20.)

The government has a Notice of Lien dated April 22, 2002 and recorded in Official Records Book 03629 at Page 0708 in the Public Records of Lee County, Florida, and plaintiff asserts that the United States' interest would be dissolved and voided upon rescission of the deed.  (Id. ¶¶ 21-22.)  The lien was imposed by the United States pursuant to the Mandatory Victims' Restitution Act of 1996 and the restitution ordered against defendant Manuel Vazquez in criminal case 2:01-cr-32-FTM-29DNF.  (Doc. #2, p. 5.)

**II.**

Upon review of the docket, the Court finds that plaintiff has met all prerequisites for a default judgment under Fed. R. Civ. P. 55(a).  The Return of Service (Doc. #18, p. 2) indicates that defendant Manuel Vazquez was personally served on July 18, 2005, at his place of incarceration.  After service and finding no response, plaintiff moved for a default against defendant Manuel Vazquez.  A Clerk's Entry of Default (Doc. #20) was entered against defendant Vazquez on August 29, 2005.  Plaintiff reached a settlement with the government and the case was dismissed with prejudice as to the United States on August 16, 2006.  (Doc. #47.)

Plaintiff, in her motion for a default judgment, does not contend that the deed is invalid, and now states that defendant is a joint-owner who owes his share of obligations on the subject

property.  This argument is contrary to the allegations of the Complaint[2], and therefore it does not appear that plaintiff is entitled to judgment as requested by Affidavit for common expenses paid by plaintiff only.  The Court notes that plaintiff filed a Motion for Leave to Amend Complaint (Doc. #38) on July 28, 2006, seeking to add a claim for unjust enrichment but recognized that the motion was untimely.  As no such alternative relief is sought in the operative Complaint, the Court finds that the motion must be denied.

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion for Default Final Judgment (Doc. #48) is **DENIED** without prejudice to amend the Complaint[3] to assert a claim for the common expenses on the subject property.

**DONE AND ORDERED** at Fort Myers, Florida, this __9th__ day of October, 2006.

JOHN E. STEELE
United States District Judge

Copies:  Counsel of record

---

[2] Although the Complaint alleges that plaintiff paid all the mortgage and expenses on the property, these allegations were made in support of the argument that she had no knowledge that defendant Vazquez was a joint-owner.

[3] The Court notes that subject-matter jurisdiction in federal court may not exist on the amended complaint without the presence of the United States of America as a party, which was the basis of removal jurisdiction.